H. D. Payne and Jeff D. Ayres, both of Floydada, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is theft, a misdemeanor; punishment fixed at confinement in the county jail for a period of 60 days.

▇ The following is a synopsis of the state's evidence: Price had some 3,000 pounds of pecans upon his truck near a gin. He missed one full sack of pecans and one partly full. There were other persons at the gin. The appellant brought a bale of cotton to the gin and left in the night immediately after his cotton was ginned. Price saw a truck leave the gin which he took to be that of the appellant. He had no description of it other than its general appearance at nighttime. He did not know where it went. There were no lights on the truck. One or two persons got out of the truck, but they were not recognized. Price looked into the appellant's truck while it was in the ginyard but saw no pecans. The truck, which he took to be that of the appellant stopped out on the road. The next morning Price saw pecans scattered along the road in a barrow pit. He procured a search warrant, and the premises of the appellant were searched. A large and a small sack of pecans were found about a half mile from the house of the appellant, but not upon his premises, but in the pasture of another person. At the home of the appellant there was a large lard can containing some pecans.

The testimony of the sheriff is to the effect that the son of the appellant was with him when the pecans were found; that he had no difficulty in finding them. There was testimony that a subpœna was subsequently issued for the appellant's son, but that he could not be found. There was also pending against the son a charge of theft of pecans.

Some pecans were introduced on the trial. Price said that they looked like his pecans, but that there were no peculiarities by which to identify them. He said he could identify one of the sacks by the way it was tied, although the statement of facts fails to state any peculiarity in the tying. Upon one of the sacks were some crayon marks, at least there had been, but these were not legible at the time of the trial.

The pecans were missed on the 20th of December. Several witnesses were introduced by the appellant to show that on the 18th of that month he and his family visited his brother-in-law in Lubbock, and that, while there, he bought about 40 pounds of pecans which, after eating some, they took to his home on the following day and put them in a large lard can; that these were the pecans that were seized at the time of the search and his arrest. Touching the purchase of the pecans at Lubbock and bringing them to his house, the appellant was corroborated by members of his family and by his relatives, whom he visited. The circumstance that the pecans scattered along the road upon which the appellant's truck was supposed to have traveled was met by proof from the appellant and from other witnesses that the bed of the appellant's truck would not spill the pecans; that it was close and made suitable for hauling grain without excessive waste.

▇ There are a number of bills of exceptions which, in the view taken of the case, we think it is unnecessary to discuss. In a general way, we will say, however, that the proof of the conduct of the son of the appellant in his absence, implying that the son was instrumental in locating the pecans which the sheriff found on the premises of another, was improperly received. Likewise the testimony that the attempt to serve a subpœna upon the appellant's son was ineffective. The evidence is purely circumstantial, however, and is not deemed of such a nature as would warrant the conviction of the appellant.

The judgment is reversed, and the cause remanded.

## TATUM v. STATE. (No. 12691.)

Court of Criminal Appeals of Texas. Nov. 6, 1929.

Wm. Kennedy, of Groesbeck, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for burglary; punishment being two years in the penitentiary.

No complaint is made of the court's instruction to the jury, and no bills of exception to any proceeding during the trial is brought forward.

We find in the record what purports to be a statement of facts, but it is not signed by the attorneys, nor approved by the trial judge. However, we had examined it before

514

discovering the defects mentioned. If it reflects the facts, they are amply sufficient to support the verdict. The record must be treated as being without either statement of facts or bills of exception.

The judgment is affirmed.